CHARLES G. DOUGLASS, RESPONDENT, *v.* JOHN H. MAINZER, APPELLANT.

40h     75
73 AD² 77

*Supplementary proceedings — the affidavit should · state the amount then unpaid upon the judgment — the order must be made by a judge and not by the court — Code of Civil Procedure, sec. 2434.*

The plaintiff procured from the county judge of Steuben county an order requiring the defendant to appear before a referee, in proceedings supplementary to execution, upon an affidavit which stated that the plaintiff had recovered a judgment against the defendant in a Justices' Court, and had caused a transcript to be filed and an execution to be issued, which had been returned partly unsatisfied. The affidavit specified the amount of the judgment, but not the amount remaining unsatisfied. A motion made by the defendant to the County Court to vacate the former order was denied.

*Held,* that although the failure of the plaintiff to state in the affidavit the amount then unpaid upon the judgment did not deprive the county judge of jurisdiction to entertain the motion, yet its omission was such an irregularity as required the order to be vacated.

It appearing upon the hearing of the motion in the County Court that the defendant had not been examined on the day named in the first order by reason of the absence of the referee, the County Court inserted in the order, denying the motion, a direction that the defendant appear on a subsequent day for examination.

*Held,* that the County Court had no power to require him to so appear, as power to make such an order is given, by section 2434 of the Code of Civil Procedure, to judges only, and not to any court.

APPEAL from an order of the Steuben County Court denying defendant's motion to vacate an order made by the county judge, in supplementary proceedings, requiring him to appear before a referee on a day named and be examined, and also directing the defendant to appear at a subsequent day for examination.

*Leslie W. Wellington*, for the appellant.

*Edwin C. English*, for the respondent.

SMITH, P. J. :

The affidavit presented to the county judge stated that the plaintiff had recovered a judgment against the defendant in a Justices' Court, and had caused a transcript to be filed and an execution to be issued, which had been returned partly unsatisfied. The affidavit specified the amount for which the judgment was rendered, but did not state what amount remained unsatisfied. The appellant's counsel contends that by reason of that omission the affidavit was insufficient to give the judge jurisdiction. We think otherwise. The statement of the amount for which the judgment was rendered was enough to give jurisdiction under sections 2435 and 2448 of the Code.

But, although the judge had jurisdiction, it seems to us that the omission to state the amount remaining unpaid was an irregularity which furnished good ground for the defendant's motion to set aside the order. It is not enough to aver, in the words of the statute, that the execution was returned " partly unsatisfied," the amount remaining unsatisfied should be specified. The amount may be so small that, if it were stated, it would be unjust and oppressive to institute the proceeding. *De minimis non curat lex*. A statement of the amount is necessary to enable the court to make an order under section 2446 (if there should be occasion for it), permitting payment to a sheriff of a sum " not exceeding the sum which will satisfy the execution." Such an order, which merely followed the words of the statute just now quoted, and did not specify the sum needed to satisfy the execution, would be irregular for its vagueness and uncertainty.

The order of the County Court not only denied the defendant's motion with costs, but turned his own motion against him, by directing him to appear at a subsequent day before the referee and be examined. No motion appears to have been made to that effect by the plaintiff on notice. We are inclined to the opinion that the County *Court* had not jurisdiction to entertain a motion for such relief, either with or without notice. Jurisdiction to make an order requiring a debtor to appear before a referee and be examined in sup-

plementary proceedings, is given by the Code to a *judge*, and not to any court. (Sec. 2434.) This was an order *de novo*, of that nature. The original order had spent its force. It had been made more than a month previously, and the day fixed by it had passed, and there had been no examination before the referee, although the defendant had duly appeared for that purpose. The day had passed without the examination, because the referee was not present. There was no way, then, of getting the defendant before the referee except by a new order requiring him to appear, and that could only be made by a judge. The order appealed from does not purport to have been made by the county judge, but is a court order. It is not a modification of the original order, such as is authorized by section 2433 of the Code, as it was not made on motion, and is an original order.

For these reasons we think the order appealed from should be reversed in all respects, and the motion granted, with ten dollars costs and disbursements.

BARKER, HAIGHT and BRADLEY, JJ., concurred.

Order reversed and motion granted, with costs and disbursements.